IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINDA K. LEONARD,

                Plaintiff,                          ORDER

   v.                                                06-cv-207-bbc

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

---

On December 29, 2006, I entered an order adopting the recommendation of the magistrate judge that this case be remanded to the Social Security Administration. On remand, the commissioner issued a favorable decision and determined that plaintiff Linda Leonard was entitled to past-due benefits in the amount of $98,295.40. Now before the court is the petition of plaintiff's lawyer, Frederick Daley of the law firm of Daley, Debofsky and Bryant, for an order authorizing attorney fees pursuant to section 206(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b)(1). Petitioner is seeking approval of attorney fees in the amount of $20,373.08, which represents 25 percent of plaintiff's past-due benefits less $4,200 that counsel was previously awarded pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The amount sought by petitioner is consistent with his contingent fee contract with plaintiff, wherein plaintiff agreed to pay her lawyers 25 percent of any past-due benefits that were awarded to her.

42 U.S.C. § 406 governs the award and collection of fees by attorneys representing claimants seeking social security disability benefits.  42 U.S.C. § 406(a) governs the award and collection of attorney fees for the representation of claimants in administrative proceedings; 42 U.S.C. § 406(b) governs the award and collection of fees by attorneys for the representation of claimants in court.  Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002). As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant.  § 406(b)(1)(A).  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Id.  An attorney who is awarded fees under the Equal Access to Justice Act and under § 406(b) must refund to the claimant the amount of the smaller fee.  Gisbrecht, 535 U.S. at 796.

In Gisbrecht, 535 U.S. at 807, the Court concluded after reviewing the text and history of § 406(b) that the statute "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  Rather, said the Court, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Id. See also McGuire v. Sullivan, 873 F.2d 974, 981 (7th Cir. 1989) ("[T]he fee agreement entered into by the parties should be the starting place for a court's review but that amount may be reduced if appropriate.").  Factors relevant to the reasonableness inquiry include the character of the representation, the results achieved, whether the lawyer was responsible for any delay that might have led to the accumulation of benefits and whether the "benefits are

large in comparison to the amount of time counsel spent on the case." Id. at 808. Accord McGuire, 873 F.2d at 981 ("If the fee award amounts to a 'windfall,' the court must carefully review the reasonableness of the contingency agreement.")

Applying these factors, I find that the requested fee is reasonable. The work provided by the Daley firm in this case was of high quality. Plaintiff's law firm produced two, well-argued briefs that were submitted on time. In arriving at the conclusion that the administrative law judge had made several errors requiring that the case be remanded, the magistrate judge adopted nearly all of the arguments made by counsel in the briefs. This was not a case in which counsel simply filed boilerplate pleadings and then demanded a full 25 percent fee. McGuire, 873 F. 2d at 981 (stating that deduction would be proper in such circumstances). Further, the record indicates that the amount of past-due benefits that plaintiff was ultimately awarded on remand was the direct result of the efforts of plaintiff's counsel, who declined to accept the administrative law judge's offer of a partially-favorable decision but instead pursued a fully favorable decision, which he succeeded in obtaining. As petitioner points out, as a result of his firm's efforts, plaintiff received not only past-due benefits, but will continue to receive disability payments as well as Medicare so long as she is disabled. Both the character of Daley's representation of plaintiff and the results that plaintiff received support the reasonableness of the award of 25 percent of plaintiff's past due benefits as attorney fees in this case.

Defendant argues that awarding counsel the full 25 percent award of fees will result in a windfall in this case. He points out that 34.75 of the 41 hours plaintiff's law firm spent on the case in court represents work performed by law clerks, with only 6.25 hours spent by attorneys. Defendant argues that the law clerks should be compensated at the rate of $100 an hour and the lawyers at the rate of $350 an hour, for a total fee award of $5,662.50.

Defendant's arguments are not persuasive. As an initial matter, his suggestion that this court must award fees based upon what constitutes a reasonable hourly rate is the specific lodestar approach the Court rejected in Gisbrecht.  See also McGuire, 873 F. 2d at 980 ("Simply determining a reasonable hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract."). Second, he provides no authority for his suggestion that time spent by law clerks should be excluded from consideration in determining the reasonableness of the contingent fee agreement. The law clerks who worked on this case in court were part of plaintiff's legal team and were supervised by Daley, the firm's leading partner. Whether the work was performed by lawyers or law clerks, the fact remains that plaintiff received excellent representation that led directly to excellent results. Compensation of $20,373.08 for 41 hours of legal work does not amount to a windfall. Cf. McGuire, 873 F.2d at 984 (noting that although awards of $3,489.79 for 3.24 hours of work and $5,600 for 5.6 hours of work did not alone show unreasonableness of award, size of

4

award in comparison to small number of hours required court to carefully review contingency agreements to determine whether attorney had been granted unreasonable windfall).

Plaintiff and her lawyer agreed to the amount of attorney fees pursuant to a written agreement. There is nothing to suggest that plaintiff did not understand the terms of the agreement; in fact, plaintiff has written a letter in support of her lawyer's request to find its terms reasonable. Sound policy reasons support upholding this agreement. As Judge Adelman explained in Koester v. Astrue, 482 F. Supp. 2d 1078, 1082 (E.D. Wis. 2007), any determination of the reasonableness of fees in these cases in which the lawyer does prevail must take into account the lawyer's risk of not being compensated for his time when his client does not prevail. Further, failure to award fees in conformance with contingency fee agreements could deter experienced counsel from representing plaintiffs seeking benefits. Id. That Daley's projected hourly rate if he recovers his full fee might exceed what he would charge in non-contingent fee cases is not unusual. Id. at 1083 (citing cases approving fees translating to hourly rates of $694, $393, $605, $187.44, $206 and $350). Having considered the character of work performed, the results achieved and the efforts expended by counsel, I am satisfied that his fee request is reasonable.

ORDER

IT IS ORDERED that the petition of plaintiff's attorneys for an order approving an award of attorney fees pursuant to 42 U.S.C. § 406(b) is GRANTED. Plaintiff's attorney,

Frederick Daley, is entitled to attorney fees in the amount of $20,373.08, which represents 25 percent of plaintiff's past-due benefits awarded by the Social Security Administration, less $4,200 in attorney fees that this court awarded previously to Daley pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Entered this 21st day of July, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge